## THE CHICAGO CITY RAILWAY COMPANY
### v.
### MARY GILLAM, ADM'X, ETC.

*Personal Injuries—Next of Kin—Damages for Widow's Sorrow.*

In action by a widow to recover damages from a street railway company for causing the death of her husband, it is *held:* That, to sustain the verdict for the plaintiff, the record should show who were the next of kin, and whether the death of deceased was a financial loss to any of his family; and that an instruction touching the allowance of damages for the plaintiff's sorrow was erroneous.

Davies v. Phillips.

[Opinion filed December 7, 1888.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. C. M. Hardy, for appellant.

Messrs. Munn & Wheeler, for appellee.

*Per Curiam.* This is an appeal from a judgment for $4,000 damages awarded to appellee by a jury, as compensation to the widow and next of kin of Gabriel Steiger, for the negligence of appellant in causing the death of said Steiger. The record presents no case for recovery, much less a recovery of $4,000. There is no proof as to who were the next of kin of deceased, nor whether his death was a financial loss to any of his family or relatives who may have survived him.

It is practically admitted by appellee's counsel that the evidence in the case must be supplemented by the averments of the declaration to make out a case. The second instruction for the plaintiff contained an implication that damages might be allowed for the widow's sorrow. That is contrary to the well known and familiar rule settled by repeated adjudications of the Supreme Court of this State.

The judgment will have to be reversed and the cause remanded.

*Reversed and remanded.*